GEORGE W. McGRUDER *v.* R. H. FIELD.

**Lands and Conveyances—Perfection of Title—Consideration Subjoined.**

In the sale of lands, the vendors title not being perfect, and the possible perfection of it, being uncertain, tedious and expensive, the vendee has the right to enjoin the colection of the consideration until the vendor should, at his own expense, perfect it.

**Feme Covert—Unrecorded Deed—Adverse Possession.**

A feme covert is not bound by an unrecorded deed and the possession of land by a vendor under such is held not to be adverse to femes covert.

**Vendee in Possession—Time to Perfect Title.**

When a vendee is in the undisputed possession, of lands, equity requires him to wait a reasonable time for obtaining an assured title.

**Limitation—Married Women.**

> The statute of limitations does not begin to run against a married woman until she becomes discovert.

### APPEAL FROM BULLITT CIRCUIT COURT.

#### May 26, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

At the time of instituting this suit appellee's title being imperfect, and the possible perfection of it being uncertain, tedious and expensive, the appellant had a right to enjoin the consideration until the appellee should, at his own expense, perfect it.

It is evident, however, that the appellant filed his petition more for recission than for a specific execution; and, therefore, being in the undisturbed possession, equity requires him to wait a reasonable time for obtaining an assured title.

It appears that the possession of B. F. Caldwell, who sold the land to the appellee, was constructively adverse as to his vendors, who were bound by their conveyance to him, but was not adverse as to femes covert who were not bound by the unrecorded deed. But time and the non-appearance of any claim against the appellee's full title conduce persuasively to assure a safe title to the appellant under the appellee's general warranty whenever made. Independently of these considerations, the appellee's title to all the land sold to the appellant seems to have been sufficiently perfected *pendente lite* except as to one-third of one-thirteenth. The conveyance by *Sarah* Greathouse was not binding on her as a married woman. She became discovert in the year 1843 and then B. F. Caldwell's possession became constructively adverse to her, and the lapse of time since and non-claim by herself or heirs *prima facie,* imply acquiescence in her remuneration of title by his imperfect deed.

But, as the one-third of one-thirteenth before alluded to, though not fully and irrevocably transferred to the appellee is yet comparatively so minute, and as he has apparently acted in good faith and offered security against it, the *status* of the title presents no ground for rescinding the contract. And, therefore, so much of the decree as dismissed the petition for rescission is

affirmed, but so much of it as authorizes execution for the entire consideration, as we think, partially improvident, is reversed. Before the whole amount be coerced, either the proffered indemity should be secured or the whole title perfected which may be done soon without any essential loss or inconvenience to the appellant. And unless, on the return of the case to the circuit court indemnity shall be secured against the said third of a thirteenth, execution should be suspended for as much as will effectuate that indemnity, until the full title may be perfected and further time given for that purpose. Wherefore, the cause is remanded for such further proceedings as herein just indicated. Each party must pay his own costs in this court.

*A. H. Field, and Riley, for appellant.*

*R. H. Field, for appellee.*